FILED

APR 0 5 2021

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

RANDY S. GROSSMAN
Acting United States Attorney
AMANDA L. GRIFFITH
Assistant United States Attorney
California Bar No. 243854
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-8970
Email: mandy.griffith@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 20CR1932-BAS |
|---|---|
| Plaintiff, | |
| v. | PLEA AGREEMENT |
| PAUL TORRES, | |
| Defendant. | |

IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA, through its counsel, Randy S. Grossman, Acting United States Attorney, and Amanda L. Griffith, Assistant United States Attorney, and defendant, PAUL TORRES, with the advice and consent of Holly Sullivan, Federal Defenders of San Diego, Inc., counsel for defendant, as follows:

**I**

**THE PLEA**

A.    The Plea

Defendant agrees to waive indictment and plead guilty to the Information, which charges defendant with distribution of images of minors engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(2).

In exchange, the Government agrees (1) not prosecute defendant thereafter on additional charges which may carry higher custodial

Plea Agreement                                    Def. Initials ___

penalties and (2) not to seek any other upward adjustments or departures except as provided for in this agreement unless defendant breaches the plea agreement or the guilty plea entered pursuant to this plea agreement is set aside for any reason. Defendant expressly waives all constitutional and statutory defenses to the reinstatement of any charges dismissed pursuant to this agreement.

B.   Sentencing Hearing

Defendant and his/her counsel of record agree to go forward on the date and time set for the sentencing hearing and agree not to seek a continuance of the sentencing hearing, unless the United States expressly agrees to a continuance.

Defendant further agrees, if out on bond at the time of sentencing, to be remanded into custody on the date of sentencing to begin serving his custodial sentence imposed by the district court.  The United States agrees to move to exonerate the bond at the time of sentencing when the Defendant is remanded into custody.

C.   Forfeiture of Property Used in the Commission of the Offense

Defendant agrees that the provisions of the attached forfeiture addendum shall govern forfeiture in this case.

**II**

**NATURE OF THE OFFENSE**

A.   ELEMENTS EXPLAINED

Defendant understands that the offense to which defendant is pleading guilty has the following elements:

1.   Defendant knowingly distributed a visual depiction using a means or facility of interstate commerce including by computer via the Internet;

1         2.    Production of such visual depiction involved the use of
2   a minor engaging in sexually explicit conduct;

3         3.    Such visual depiction was of a minor engaged in sexually
4   explicit conduct;

5         4.    Defendant knew such visual depiction was of sexually
6   explicit conduct; and

7         5.    Defendant knew that at least one of the persons engaged
8   in sexually explicit conduct in such visual depiction was a minor.

9   B.    ELEMENTS UNDERSTOOD AND ADMITTED – FACTUAL BASIS

10     Defendant has fully discussed the facts of this case with defense
11 counsel.  Defendant has committed each of the elements of the crime,
12 and admits that there is a factual basis for this guilty plea. The
13 following facts are true and undisputed:

14     1.    On or about June 8, 2020, while in the Southern District of
15 California, defendant knowingly distributed visual depictions of minors
16 engaged in sexually explicit conduct through a chat communications
17 application which required use of the Internet and a online messaging
18 group, including the following:

19         • An image depicting an adult make with his finger in the anus
20           of a prepubescent male believed to be around 2-3 years old.
21         • An image depicting a prepubescent male, believed to be around
22           4-5 years old, with an adult male penis hovering over the boy
23           and urinating on him.
24         • A video depicting prepubescent female, believed to be 2-3
25           years old, lying face down on a bed with her diaper pulled
26           back. An adult male is depicted ejaculating on the child's
27           buttocks and vagina. The adult male also uses his hand to
28

1    spread apart her buttocks revealing her anus and vagina to
2    the camera in a lewd and lascivious manner.

3    2.   Production of such visual depictions involved the use of
4  minors engaging in sexually explicit conduct;

5    3.   Such visual depictions were of minors engaged in sexually
6  explicit conduct;

7    4.   Defendant knew such visual depictions were of sexually
8  explicit conduct; and

9    5.   Defendant knew that at least one of the persons engaged in
10  sexually explicit conduct in such visual depiction was a minor.

11    6.   Defendant admits for purposes of sentencing that the offense
12  involved more than 600 images of child pornography.

13    7.   Defendant admits that the use of the Internet is a means and
14  facility of interstate commerce.

15                                 III

16                              **PENALTIES**

17    Defendant understands that the crime to which defendant is pleading
18  guilty carries the following penalties:

19    A.   a maximum of 20 years in prison, and a mandatory minimum 5
20  years;

21    B.   a maximum $250,000.00 fine;

22    C.   a mandatory special assessment of $100; an additional $5,000
23  mandatory special assessment pursuant to 18 U.S.C. § 3014, unless the
24  Court finds defendant to be indigent; and an additional special
25  assessment of not more than $35,000 pursuant to 18 U.S.C. § 2259A;

26    D.   a term of supervised release of at least 5 years and up to
27  life.   Defendant understands that failure to comply with any of the

28

Plea Agreement                     4              Def. Initials  $PT$

conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison, upon any such revocation, all or part of the statutory maximum term of supervised release for the offense that resulted in such term of supervised release;

E.   mandatory restitution under 18 U.S.C. §2259 in an amount not less than $3,000 per victim;

F.   registration as a sex offender under the Sex Offender Registration and Notification Act.**

**Defendant further understands, acknowledges and agrees to the following concerning his sex offender registration: I am required to register and keep my registration current in each of the following jurisdictions: where I reside; where I am an employee; and where I am a student. I understand that the requirements for registration include providing my name, my residence address, and the names and addresses of any places where I am or will be an employee or a student, among other information. I further understand that the requirement to keep the registration current including informing at least one jurisdiction in which I reside, am an employee, or am a student not later than three business days after any change of my name, residence, employment, or student status. I have been advised, and understand, that failure to comply with these obligations subjects me to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by fine or imprisonment, or both.

G.   Forfeiture of all visual depictions, all property real and personal, constituting or traceable to gross profits or proceeds of the offense, and all property used or intended to be used to commit or to promote the commission of the offense; and

1    H.    Defendant further understands that by pleading guilty
2  defendant may become ineligible for certain federal benefits.

3                                    IV

4                **DEFENDANT'S WAIVER OF TRIAL RIGHTS**

5    Defendant understands that this guilty plea waives the right to:
6    A.    Continue to plead not guilty and require the Government to
7  prove the elements of the crime beyond a reasonable doubt;

8    B.    A speedy and public trial by jury;

9    C.    The assistance of counsel at all stages of trial;

10   D.    Confront and cross-examine adverse witnesses;

11   E.    Testify and present evidence and to have witnesses testify on
12  behalf of defendant; and,

13   F.    Not testify or have any adverse inferences drawn from the
14  failure to testify.

15   G.    Defendant knowingly and voluntarily waives any rights and
16  defenses defendant may have under the Excessive Fines Clause of the
17  Eighth Amendment to the United States Constitution to the forfeiture of
18  property in this proceeding or any related civil proceeding.

19                                    V

20      **DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE
    PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION**

21   The Government represents that any information establishing the
22  factual innocence of defendant known to the undersigned prosecutor in
23  this case has been turned over to defendant.   The Government will
24  continue to provide such information establishing the factual innocence
25  of defendant.

26   Defendant understands that if this case proceeded to trial, the
27  Government would be required to provide impeachment information
28

relating to any informants or other witnesses. In addition, if defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. Defendant acknowledges, however, that by pleading guilty defendant will not be provided this information, if any, and defendant also waives the right to this information. Finally, defendant agrees not to attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

## VI
### DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A.   Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea.  Defendant understands that, by pleading guilty, defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right  to serve on a jury. Defendant further understands that the conviction in this case may subject defendant to various collateral consequences, including but not limited to deportation, removal or other adverse immigration consequences; revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which will serve as grounds to withdraw defendant's guilty plea.

B.   No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court.

C.   No one has threatened defendant or defendant's family to induce this guilty plea.

D.   Defendant is pleading guilty because in truth and in fact defendant is guilty and for no other reason.

Plea Agreement                              7                Def. Initials  _PT_

1

## VII

### AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE
### SOUTHERN DISTRICT OF CALIFORNIA

2

3   This plea agreement is limited to the United States Attorney's
4   Office for the Southern District of California, and cannot bind any
5   other federal, state or local prosecuting, administrative, or
6   regulatory authorities, although the Government will bring this plea
7   agreement to the attention of other authorities if requested by
8   the defendant.

## VIII

### APPLICABILITY OF SENTENCING GUIDELINES

11   Defendant understands the sentence imposed will be based on the
12   factors set forth in 18 U.S.C. § 3553(a). Defendant understands further
13   that in imposing the sentence, the sentencing judge must consult the
14   United States Sentencing Guidelines (Guidelines) and take them into
15   account. Defendant has discussed the Guidelines with defense counsel
16   and understands that the Guidelines are only advisory, not mandatory,
17   and the Court may impose a sentence more severe or less severe than
18   otherwise applicable under the Guidelines, up to the maximum in the
19   statute of conviction. Defendant understands further that the sentence
20   cannot be determined until a presentence report has been prepared by
21   the U.S. Probation Office and defense counsel and the Government has
22   had an opportunity to review and challenge the presentence report.
23   Nothing in this plea agreement shall be construed as limiting the
24   Government's duty to provide complete and accurate facts to the district
25   court and the U.S. Probation Office.

26
27
28

Plea Agreement                          8                    Def. Initials  $\mathcal{P}\,\mathrm{T}$

1

2

**IX**

**SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE**

3     This plea agreement is made pursuant to Federal Rule of Criminal

4   Procedure 11(c)(1)(B).  Defendant understands that the sentence is

5   within the sole discretion of the sentencing judge.  The Government has

6   not made and will not make any representation as to what sentence

7   defendant will receive.  Defendant understands that the sentencing judge

8   may impose the maximum sentence provided by statute, and is also aware

9   that any estimate of the probable sentence by defense counsel is a

10  prediction, not a promise, and is not binding on the Court.  Likewise,

11  the recommendation made by the Government is not binding on the Court,

12  and it is uncertain at this time what defendant's sentence will be.

13  Defendant also has been advised and understands that if the sentencing

14  judge does not follow any of the parties' sentencing recommendations,

15  defendant nevertheless has no right to withdraw the plea.

16

17

**X**

**PARTIES' SENTENCING RECOMMENDATIONS**

18     A.   SENTENCING GUIDELINE CALCULATIONS

19     Although the parties understand that the Guidelines are only

20  advisory and just one of the factors the Court will consider under 18

21  U.S.C. § 3553(a) in imposing a sentence, the parties will jointly agree

22  to recommend the following Base Offense Level, Specific Offense

23  Characteristics, Adjustments and Departures:

24     1.   Base Offense Level [§ 2G2.2(a)(2)]              22

25     2.   Pre-pubescent minor [§ 2G2.2(b)(2)]            +2

26     3.   Distribution [§ 2G2.2(b)(3)(F)]                +2

27     4.   Sadistic/Masochistic/Sexual Abuse
           of Infant/Toddler [§ 2G2.2(b)(4)]             +4
28

| | | |
|---|---|---|
| 5. | Use of Interactive Computer Service<br>[§ 2G2.2(b)(6)] | +2 |
| 6. | More than 600 images [§ 2G2.2(b)(7)] | +5 |
| 7. | Acceptance of Responsibility [§ 3E1.1] | -3 |
| 7. | Expeditious Resolution/COVID [§ 5K2.0] | <u>-3</u> |
| | **Adjusted Offense Level** | **31** |

B.   ACCEPTANCE OF RESPONSIBILITY

Notwithstanding paragraph A.6 above, the Government will not be obligated to recommend any adjustment for Acceptance of Responsibility if defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

1.   Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;

2.   Falsely denies prior criminal conduct or convictions;

3.   Is untruthful with the Government, the Court or probation officer;

4.   Materially breaches this plea agreement in any way; or

5.   Contests or assists any third party in contesting the forfeiture of property(ies) seized in connection with this case, and any property(ies) to which the defendant has agreed to forfeit.

C.   FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553

The parties further agree that defendant may request or recommend additional downward adjustments, departures, including criminal history departures under USSG § 4A1.3, or sentence reductions under 18 U.S.C. § 3553, except as limited by paragraph F, below.

Plea Agreement                          10              Def. Initials _PT_

1    D.    NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

2        The parties have **no** agreement as to defendant's Criminal History
3    Category.

4    E.    "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

5        The parties agree that the facts in the "factual basis" paragraph
6    of this agreement are true, and may be considered as "relevant conduct"
7    under USSG § 1B1.3, as the basis for an upward departure as set forth
8    above in paragraph X.A.5, and as the nature and circumstances of the
9    offense under 18 U.S.C. § 3553(a)(1).

10   F.    PARTIES' RECOMMENDATIONS REGARDING CUSTODY

11       The government will recommend that defendant be sentenced within
12   the guidelines range as calculated by the government at the time of
13   sentencing.

14   G.    SPECIAL ASSESSMENT/FINE/RESTITUTION/FORFEITURE

15       1.    Special Assessment.

16       The parties will jointly recommend that defendant pay a special
17   assessment in the amount of $100.00 to be paid forthwith at time of
18   sentencing. The special assessment shall be paid through the office of
19   the Clerk of the District Court by bank or cashier's check or money
20   order made payable to the "Clerk, United States District Court."

21       2.    Child Pornography/Other Assessments.

22       Because the Court has found defendant indigent under the Criminal
23   Justice Act, 18 U.S.C. § 3006A, the parties will jointly recommend the
24   defendant not pay an additional $5,000 special assessment pursuant to
25   18 U.S.C. § 3014. Furthermore, the parties will jointly recommend the
26   Court not order defendant to pay any additional assessment pursuant to
27   18 U.S.C. § 2259A.

28

Plea Agreement                          11              Def. Initials  ₽T

3.   Fine.

The parties will jointly recommend that no fine be imposed.

4.   Restitution.

Defendant agrees that **if** restitution is ordered by the Court under 18 U.S.C. §2259, the amount of restitution ordered by the Court shall include defendant's total offense conduct, and is not limited to the count of conviction. Defendant agrees and understands that any payment schedule imposed by the Court is without prejudice to the United States to take all actions and take all remedies available to it to collect the full amount of the restitution.

Defendant agrees that the restitution, restitution judgment, payment provisions, and collection actions of this plea agreement are intended to, and will, survive defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement.   Defendant further agrees that any restitution collected and/or distributed will survive him, notwithstanding the abatement of any underlying criminal conviction after execution of this agreement.

The restitution described above shall be paid through the Office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

The parties will jointly recommend that as a condition of probation or supervised release, defendant will notify the Collections Unit, United States Attorney's Office, of any interest in property obtained, directly or indirectly, including any interest obtained under any other name, or entity, including a trust, partnership or corporation after the execution of this plea agreement until the fine or restitution is paid in full.

1   The parties will also jointly recommend that as a condition of
2   probation or supervised release, defendant will notify the Collections
3   Unit, United States Attorney's Office, before defendant transfers any
4   interest in property owned directly or indirectly by defendant,
5   including any interest held or owned under any other name or entity,
6   including trusts, partnerships and/or corporations.

7       I.   SUPERVISED RELEASE

8       If the Court imposes a term of supervised release, defendant agrees
9   that he will not later seek to reduce or terminate early the term of
10  supervised release until he has served at least 2/3 of his term of
11  supervised release and has fully paid and satisfied any special
12  assessments, fine, criminal forfeiture judgment and restitution
13  judgment.

14                          **XI**

15          **DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK**

16      Defendant waives (gives up) all rights to appeal and to
17  collaterally attack every aspect of the conviction and sentence,
18  including any restitution order totaling up to $100,000, the length of
19  term of supervised release, and any condition of supervised release.
20  The only exception is defendant may collaterally attack the conviction
21  or sentence on the basis that defendant received ineffective assistance
22  of counsel. If defendant appeals, the Government may support on appeal
23  the sentence or restitution order actually imposed.

24                          **XII**

25          **BREACH OF THE PLEA AGREEMENT**

26      Defendant and Defendant's attorney know the terms of this agreement
27  and shall raise, before the sentencing hearing is complete, any claim
28  that the Government has not complied with this agreement. Otherwise,

Plea Agreement                    13              Def. Initials  ＰＴ

such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this agreement.

Defendant breaches this agreement if Defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

1.   Failing to plead guilty pursuant to this agreement;

2.   Failing to fully accept responsibility as established in Section X, paragraph B, above;

3.   Failing to appear in court;

4.   Attempting to withdraw the plea;

5.   Failing to abide by any court order related to this case;

6.   Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or

7.   Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

If Defendant breaches this plea agreement, Defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (Defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; Defendant also waives any double jeopardy defense to such charges).   In addition, the

1  Government may move to set aside Defendant's guilty plea. Defendant may
2  not withdraw the guilty plea based on the Government's pursuit of
3  remedies for Defendant's breach.

4  Additionally, if Defendant breaches this plea agreement: (i) any
5  statements made by Defendant, under oath, at the guilty plea hearing
6  (before either a Magistrate Judge or a District Judge); (ii) the factual
7  basis statement in Section II.B in this agreement; and (iii) any
8  evidence derived from such statements, are admissible against Defendant
9  in any prosecution of, or any action against, Defendant. This includes
10 the prosecution of the charge(s) that is the subject of this plea
11 agreement or any charge(s) that the prosecution agreed to dismiss or
12 not file as part of this agreement, but later pursues because of a
13 breach by the Defendant. Additionally, Defendant knowingly,
14 voluntarily, and intelligently waives any argument that the statements
15 and any evidence derived from the statements should be suppressed,
16 cannot be used by the Government, or are inadmissible under the United
17 States Constitution, any statute, Rule 410 of the Federal Rules of
18 Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and
19 any other federal rule.

20                              **XIII**

21              **CONTENTS AND MODIFICATION OF AGREEMENT**

22      This plea agreement embodies the entire agreement between the
23 parties and supersedes any other agreement, written or oral. No
24 modification of this plea agreement shall be effective unless in writing
25 signed by all parties.

26

27

28

Plea Agreement                    15              Def. Initials $\underline{PT}$

## XIV

### DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant has read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

## XV

### DEFENDANT SATISFIED WITH COUNSEL

Defendant has consulted with counsel and is satisfied with counsel's representation. This is defendant's independent opinion, and his/her counsel did not advise him him/her about what to say in this regard.

RANDY S. GROSSMAN
Acting United States Attorney

4/5/21
_____
DATED

_____
AMANDA L. GRIFFITH
Assistant U.S. Attorney

4/5/21
_____
DATED

_____
HOLLY SULLIVAN
Federal Defenders of San Diego
Defense Counsel

**IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" SECTION ABOVE ARE TRUE.**

04/05/2021
_____
DATED

_____
PAUL TORRES
Defendant

APPROVED BY:
*TDC (with permission)*
_____
TIMOTHY D. COUGHLIN
Assistant U.S. Attorney

Plea Agreement                    16                    Def. Initials PT