RANDY S. GROSSMAN
United States Attorney
AMANDA L. GRIFFITH
California Bar No. 243854
Assistant United States Attorney
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-8970
mandy.griffith@usdoj.gov
Attorneys for the United States of America

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br>                    Plaintiff,<br><br>     v.<br><br>PAUL TORRES,<br>                    Defendant. | Case No. 20CR1932-BAS<br><br>UNITED STATES' SENTENCING MEMORANDUM<br><br>Sentencing Date: September 12, 2022<br>Time:  3:00 p.m. |
|---|---|

Paul Torres has fully accepted responsibility for distributing visual depictions of children engaged in sexually explicit. Based on the totality of his conduct in this case, the United States recommends 108 months in custody and ten years of supervised release.

    **A.**    **Offense Conduct**

The Presentence Report (PSR) accurately details the investigation into Torres' criminal activity.

    **B.**    **Victim Impact Statements and Special Assessments**

The victim impact statements are summarized in the PSR for the Court's consideration.

The United States is recommending Torres pay the $100 special assessment, but asking the Court not to impose the other special assessments. The United States believes that for the purposes of the JTVA and the AVAA, Torres is indigent. He has extremely

limited assets, and the obligation to pay restitution should be prioritized over the JTVA and AVAA special assessments.

### C. Restitution

The Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018 (AVAA) was enacted on December 7, 2018. The AVAA created new penalties and made a number of changes to existing child pornography laws including restitution. Specifically, the law provides that restitution must be ordered for all "child pornography trafficking offenses" of no less than $3,000 per victim. The amount of restitution ordered is not dependent on a defendant's ability to pay. Instead, it is based upon a court's determination of the "full amount" of losses incurred by a victim as a result of the trafficking in child pornography depicting the victim. 18 U.S.C. § 2259(b)(2). The term "full amount of the victim's losses" includes any costs incurred, or that are reasonably projected to be incurred in the future, by the victim, as a proximate result of the offenses involving the victim; and in the case of trafficking in child pornography offenses, as a proximate result of all trafficking in child pornography offenses involving the same victim, including:

- medical services relating to physical, psychiatric, or psychological care;
- physical and occupational therapy or rehabilitation;
- necessary transportation, temporary housing, and child care expenses;
- lost income;
- reasonable attorneys' fees, as well as other costs incurred; and
- any other relevant losses incurred by the victim.

18 U.S.C. § 2259(c)(2)(A)-(F).

Twenty victims have provided requests for restitution in this case. All of the submissions have been provided to defense counsel. Sixteen victims have submitted claims for restitution that cover the types of losses detailed within § 2259(c). Four victims have requested restitution in order to cover the costs required to hire experts in order to determine future losses, and are requesting the amount provided in the AVAA to secure these experts.

   For the sixteen victims who have provided for specific losses, the parties have reached an agreement that Defendant will pay each victim the minimum required by the AVAA. As for the four victims who are seeking restitution to secure an expert, Defendant has taken the position that these are not losses that are contemplated by the AVAA. The United States takes no position regarding the sufficiency of the claims for restitution. Each of these victims is represented by counsel who has submitted the requests. Copies of these packages will be submitted to the Court for in camera review ahead of the sentencing hearing. Two proposed restitution orders will be provided to the Court as well.

### D. <u>Guidelines Calculation</u>

   The guidelines calculations are detailed in the plea agreement and the PSR, and will be filed separately in a sentencing summary chart. In his objections to the PSR, Defendant challenges the number of images that were located on his cellar device. The United States agrees that this is the *total* number of images that were identified, however, the total count could include duplicated images which include thumbnail or cache files. This objection does not impact the guidelines calculation, and as stated below, the sentencing recommendation is based on the nature—not the number—of images distributed and possessed by Torres.

### E. <u>Government's Sentencing Recommendation</u>

   The United States' sentencing recommendation is driven by two overarching factors. First, the nature of the visual depictions Torres sought to possess and distribute. As detailed in the PSR, Torres' visual depictions included the youngest victims who were being sexually assaulted and violated in violent and degrading ways. Second, Torres chose a profession which put him into proximity of the children whose images he was distributing and possessing.

   Undoubtably, Torres' crime is a serious one. Distribution of child pornography inflicts real harm to the children whose images are traded for the pleasure of others. To his credit, Torres has accepted responsibility by pleading guilty. There are certainly equities for the Court to consider in this case, but those cannot serve to override the harm he has

inflicted to the children whose images he possessed and distributed. It is for these reasons the United States recommends the low-end of the guideline range. This sentence, followed by ten years of supervised release is sufficient but not greater than necessary to support the § 3553(a) factors, and represents a fair and just sentence.

F.   **Criminal Forfeiture**

The parties have agreed to forfeiture pursuant to the plea agreement. A final order of forfeiture will be provided separately for to the Court.

Date:  September 2, 2022          Respectfully submitted,

                                  RANDY S. GROSSMAN
                                  United States Attorney

                                  */s/ Amanda L. Griffith*
                                  Amanda L. Griffith
                                  Assistant U.S. Attorney